IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **MICHAEL A. HERNANDEZ,** ) | **CASE NO. 4:13CV3004** |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| **STATE OF NEBRASKA, ROBERT P.** ) | |
| **HOUSTON, Director, FRED BRITTEN,** ) | |
| **Warden, TECUMSEH STATE** ) | |
| **CORRECTIONAL INSTITUTE, and** ) | |
| **ATTORNEY GENERAL OF THE** ) | |
| **STATE OF NEBRASKA,** ) | |
| ) | |
| **Respondents.** ) | |

This matter is before the court on Petitioner Michael Hernandez's ("Petitioner") Motion for Leave to Amend, Motion to Appoint Counsel, and Motion to Show Cause. (Filing Nos. 7, 11, and 16.)

**A.    Motion for Leave to Amend**

Petitioner has moved the court for leave to file an Amended Petition for Writ of Habeas Corpus. (Filing No. 7.) For good cause shown, the court will grant Petitioner's Motion and will consider Petitioner's Amended Petition for Writ of Habeas Corpus (Filing No. 10) the operative petition in this matter.

**B.    Motion to Appoint Counsel**

Petitioner has moved for the appointment of counsel. (Filing No. 11.) "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment of counsel] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997), (citations omitted). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to

investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.,* *Morris v. Dormire,* 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied,* 531 U.S. 984 (2000); *Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994), (citations omitted); *see also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). Upon review of the pleadings and Petitioner's Motion, there is no need for the appointment of counsel at this time.

**C.    Motion to Show Cause**

Petitioner asks this court to bring criminal charges against Respondents because prison staff did not deliver Petitioner's "Notice of Constitutional Question to United States Attorney General Eric Holder [by] certified mail as Petitioner requested." (Filing No. 16.) Petitioner argues that these actions have deprived him of his First Amendment right to petition the government for a redress of grievances. (*Id.* at CM/ECF p. 1.)

This court may entertain an application for writ of habeas corpus on behalf of a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas review is not a forum for attacking the actions of prison staff or the conditions of Petitioner's confinement. Accordingly, Petitioner's Motion will be denied.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Leave to Amend (Filing No. 7) is granted;

2. Petitioner's Motion to Appoint Counsel (Filing No. 11) is denied without prejudice to reassertion; and

2

3. Petitioner's Motion to Show Cause (Filing No. 16) is denied.

DATED this 13th day of March, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

3