# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **MICHAEL A. HERNANDEZ,** | **CASE NO. 4:13CV3004** |
| Petitioner, | |
| v. | **MEMORANDUM** |
| | **AND ORDER** |
| **STATE OF NEBRASKA, ROBERT P. HOUSTON, Director, FRED BRITTEN, Warden, TECUMSEH STATE CORRECTIONAL INSTITUTE, and ATTORNEY GENERAL OF THE STATE OF NEBRASKA,** | |
| Respondents. | |

This matter is before the court on Petitioner's Motion for an Evidentiary Hearing and Motion to Appoint Counsel. (Filing Nos. 21 and 22.) The court explained to Petitioner in a previous Memorandum and Order that "there is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment of counsel] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997), (citations omitted). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994), (citations omitted); *see also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). Upon review of the pleadings and Petitioner's Motion, there is no need for the appointment of counsel or an evidentiary hearing at this time.

IT IS THEREFORE ORDERED that: Petitioner's Motion for an Evidentiary Hearing and Motion to Appoint Counsel (Filing Nos. 21 and 22) are denied without prejudice to reassertion.

DATED this 18th day of April, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.