IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL A. HERNANDEZ, | ) | 4:13CV3004 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, ROBERT P. HOUSTON, Director, FRED BRITTEN, Warden, TECUMSEH STATE CORRECTIONAL INSTITUTE, and ATTORNEY GENERAL OF THE STATE OF NEBRASKA, | ) ) ) ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

## I. INITIAL REVIEW

This matter is before the court on initial review of Petitioner Michael Hernandez's ("Hernandez" or "Petitioner") Petition for Writ of Habeas Corpus ("Petition") and Amended Petition for Writ of Habeas Corpus ("Amended Petition") filed pursuant to 28 U.S.C. § 2254. (Filing Nos. 1 and 10.) The court will dismiss Hernandez's Petition and Amended Petition because they are second or successive habeas corpus petitions that have not been authorized by the Eighth Circuit Court of Appeals.

The statutory prohibition against successive petitions by state prisoners is codified in 28 U.S.C. § 2244(b), which provides in relevant part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

In *Magwood v. Patterson*, 130 S. Ct. 2788 (2010), the United States Supreme Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Id.* at 2797. In other words, the phrase "second or successive" applies to entire habeas petitions, and not to individual claims in those petitions. *Id.* at 2798.

This Court's records reflect that Hernandez's Petition is his second in this Court challenging the same judgment. He challenges the conviction for distribution of a controlled substance obtained in the Box Butte County District Court on February 9, 2006. (*See* Filing No. 10 at CM/ECF p. 1.) Petitioner unsuccessfully challenged this same Box Butte County conviction in earlier federal habeas corpus litigation.

2

(*See Hernandez v. Houston, et al.*, Case No. 4:09CV3070 (D. Neb.) (dismissing petition with prejudice on December 22, 2009).)

The pending Petition and Amended Petition are second or successive petitions under the statute because they challenge the same Box Butte County conviction and sentence already challenged in this court. The record does not reflect that Petitioner has received permission from the Eighth Circuit Court of Appeals to again attack this conviction. If Petitioner wishes to continue to pursue this matter, he should file a motion with the Eighth Circuit Court of Appeals fully addressing the legal requirements for successive habeas petitions set forth in 28 U.S.C. § 2244(b).

## II. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling of his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Hernandez has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised in the Petition and Amended Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

3

1.  Hernandez's Petition and Amended Petition are dismissed without prejudice to reassertion of a subsequent petition upon authorization by the Eighth Circuit Court of Appeals.

2.  The Court will not issue a certificate of appealability in this matter.

3.  Hernandez's "Motion for Leave to Amend Habeas Affidavit" (Filing No. 24) is denied as moot.

4.  A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 16th day of May, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.